OPINION OF THE COURT — by the
Host. EDWARD TURNER.
Austin Spears filed his petition before D. Jones, Esq. a justice of the peace of Amite county, complaining that “ Jesse McKay, et. al. unlawfully and against his consent, withhold from him the possession of a certain tenement, containing-acres of land, with the appurtenances,
lying in the county aforesaid,” whereof he prays restitution — the cause was tried by a jury before the justice on the petition alone.
The parties appeared by counsel, and a verdict was rendered in favor *266 of the petitioner — the defendant appealed to the circuit court of said county, and the cause was tried before Judge Hampton, de novo, the plaintiff having died, and the suit being revived in the name of his administrators, whereupon a verdict was rendered in favor of the defendant. A bill of exceptions was signed, in substance as'follows, “The plaintiff offered evidence to shew his right of possession, which evidence was rejected by the court, on the ground, that the plaintiff must shew, in himself, a previous possession in the premises in question, before he is entitled to this summary remedy, under the act of assembly.” — And the plaintiff then appealed to this court.
The only question raised for the consideration of this court, is, whether the circuit eourt erred in the opinion expressed in the bill of exceptions?
This proceeding is founded on the act of the 18th June, 1822, entitled an act, concerning forcible entries and detainers. This is the only law on this subject. Nothing can be more obvious, from the whole tenor of the act, than that the remedy is designed to be' summary, and that the question, in all cases, is one of possession. The statute in various places, shows that this action is merely possessory, and that the verdict and judgment therein shall be no bar to any action of trespass, or any writ of ejectment, or writ of right, between the same parties, respecting the same tenement nor shall any verdict found as aforesaid, be held conclusive of the parts found therein, in any such actions of trespass, ejectment or writ of right. Sec. 18.
How then could the court charge the jury that they were not to listen to evidence to shew the plaintiff’s right of possession? I am clearly of opinion, that the court could not so charge; but that the plaintiff had a right, not only to shew his right of possession, but to shew it by any evidence deemed legal in a court of justice. I cannot but think that the caséis not fairly and fully presented by the bill of exceptions. There must have been some other point, some special reason, not shewn to us, but which was probably omitted, in the hurry of the trial before the circuit court. The first section of the act provides “ that none who shall have entered, in a peaceable manner, shall hold the same afterwards against the consent of the party entitled to the possession thereof.” And yet, by this decision the party entitled to the possession, when he sues and puts his *267 cause to the jury, is not permitted to give evidenceto shew his right of possession. So in the 3d section of the act, and in the 4th, and in the 12th, the same language is held, and the same object is declared.
Judgment reversed,and cause remanded to the circuit court, fora new trial.